## GOMER v. ANDING et al.
### No. 1079.

Court of Appeal of Louisiana.   First Circuit.
March 7, 1933.

Application for Rehearing Dismissed April 17, 1933.

Breazeale & Sachse, of Baton Rouge, for applicants.

LeBLANC, Judge.

In this suit, judgment was rendered in favor of the plaintiff, Miss Claire Olla Gomer, against the defendants, Allen A. Anding, Jr., and the Union Indemnity Company, in solido, for damages arising out of an automobile accident. On appeal to this court, the judgment of the district court was affirmed. Neither of the defendants cast in the judgment, both of whom had appealed, have applied for a rehearing and the delays have expired. Within the time allowed for such application however, the Independence Indemnity Company, surety on the suspensive appeal bond furnished by defendants and appellants, did formally apply for a rehearing urging various reasons why one should be granted and that finally the judgment rendered be reversed and the suit dismissed at plaintiff's costs.

Article 911 Code of Practice stipulates the time at which a judgment rendered in the Supreme Court shall become final, providing that in the interval between the day on which it is rendered and that on which it would become final, "parties in interest" shall have the right to apply for rehearing. Article 912 further provides that in this same interval, "a party dissatisfied with the judgment may apply to the court for a new hearing in the cause" pointing out the procedure to be followed. We do not understand that by the terms "parties in interest" and "party dissatisfied" it was meant that any party who may be indirectly interested in the outcome of the suit could make the application, but only those having a direct interest in it and who are actually parties by some form of pleading and take part in the trial thereof. We so understand the Supreme Court to have held in the case of City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 803, 40 A. L. R. 1136, when in dismissing an application for rehearing filed by an amicus curiæ it said: "We have heretofore held that no one except a party to the suit may apply for a rehearing, and that an amicus curiæ has no standing in court to do so." We know of no provision of the Code of Practice under which a surety on an appeal bond could be classed as a party to a suit, and the application in this case will have to be disposed of in the same manner as was the one in the case cited.

For the reasons stated, it is ordered the application for rehearing herein filed by Independence Indemnity Company be, and the same is hereby, dismissed at its costs.